LEVI ROMANS *v.* C. CECIL.

**Specific Performance—Burden of Proof.**

Where, in an action for specific performance of a contract for the sale of land, a vendor alleges that the land sold consists of a certain patent obtained by him from the government, which allegation is not admitted by defendant, the burden is on the plaintiff to establish such fact.

APPEAL FROM PIKE CIRCUIT COURT.

February 12, 1874.

OPINION BY JUDGE PETERS:

The only written evidence of a sale of land by appellee to appellant is contained in the notes executed by the latter to the former for the price; and it is therein described as lying on John's Creek in Pike county. The number of acres sold is not named, and the particular tract could not be identified by this very vague and general description.

In the original petition it is described as lying between the farms of Scott and Robert Jackson, on the water course, and in the county and state aforesaid. In the amended petition appellee alleges that

he has a good title to the land mentioned in the original petition and note therein mentioned, and that he is ready, able and willing to convey the same to appellant when the purchase money is paid.

In his answer appellant admits he purchased a tract of land in Pike county of appellee, and avers that he represented the tract as containing 250 acres; that he desires to get the land he bought if he can get it with a good and clear title, but denies that appellee has such title, calls on him to exhibit his title, alleges that he has made valuable and lasting improvements for which he claims compensation, if appellee cannot make him a good title, and the contract should be rescinded, and also alleges that parts of the land sold him by appellee are claimed and held by Solomon Stratton, and one Jackson, and calls on appellee for an exhibition of his title.

In his reply to appellant's counterclaim, appellee denies that he represented the tract as containing 250 acres, says it was a sale in gross, and not by the acre, and denies that Stratton and Jackson or either of them are claiming any land sold by him to appellant. He alleges that he is ready to manifest his title to the land sold to appellant; that he holds the land by virtue of a patent from the commonwealth to himself, dated the 31st of July, 1837, for 300 acres, which covers the land sold appellee, "except a part in patent of date November 16, 1865, for fifty acres," which patents he files and makes a part of his reply.

Two patents are filed of the respective dates as set forth in the reply, the elder calling for 300 acres of land on John's Creek in Pike county, described by metes and bounds; but it is stated on face of this patent that it includes fifty acres as patented to E. Gideons. In his reply appellee says in substance that the land he sold to appellant is the land included in a patent from the commonwealth to himself for 300 acres, bearing date the 31st of July, 1837, except fifty acres out of said patent boundary, which were patented to him on the 15th of November, 1865, as we understand the language of the reply. Then appellee, having averred that he sold all the land included in the patent for 300 acres to appellant, except the fifty acres patented to himself on the 16th of November, 1865, and his patent for 300 acres, showing on its face that it included fifty acres previously patented to Gideons, which was superior to his, he should have shown that he had acquired the title to the fifty acres patented to Gideons, before he was entitled to a specific execution of the contract, which he failed to do.

Besides, it is not admitted by appellant that the patent for the 300 acres covers the land sold to him, and it was therefore incumbent on appellee to have manifested that fact by evidence. He alleged it, and as it was not admitted, a survey of the 300 acres and proof taken to identify that as the land sold to appellant should have been made.

For the reasons stated the judgment must be reversed and the cause remanded for further proceedings consistent with this opinion.

*Apperson, Reid, for appellant.*

*Brown, James, for appellee.*